Submitted August 11, reversed September 16, 2020

S. L. S.,
*Petitioner-Respondent,*

*v.*

Kyle Robert TIPPERY,
*Respondent-Appellant.*

Linn County Circuit Court
19PO06806; A172069

475 P3d 131

Petitioner obtained a Family Abuse Prevention Act (FAPA) restraining order against respondent, her former boyfriend. At a contested hearing, the trial court continued the order because it found that respondent had choked petitioner shortly before petitioner moved out of respondent's home. Respondent appeals, challenging the sufficiency of the evidence supporting the order. *Held*: The trial court erred in continuing the order. Under the totality of the circumstances and Court of Appeals case law, the record was not sufficient to support the trial court's finding that respondent presented an imminent danger of further abuse to petitioner at the time that the court continued the FAPA order.

Reversed.

Michael B. Wynhausen, Judge.

Andrew S. Noonan and Heilig Misfeldt & Armstrong, LLP, filed the brief for appellant.

No appearance for respondent.

Before Lagesen, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, P. J.

Reversed.

**LAGESEN, P. J.**

Petitioner obtained a Family Abuse Prevention Act (FAPA) restraining order against respondent, her former boyfriend with whom she lived for just over one month. The trial court continued the order after a contested hearing. Respondent appeals, challenging the sufficiency of the evidence supporting the order, which was based on a single incident of abuse that occurred shortly before petitioner moved out of respondent's home. Petitioner has not appeared on appeal. We agree with respondent that the evidence, when viewed in accordance with the trial court's explicit and implicit factual findings, is insufficient to support the order and, accordingly, reverse.

Respondent has not requested *de novo* review so we state the facts in accordance with the trial court's explicit and implicit findings, to the extent there is evidence to support them. *Hess v. Hess*, 305 Or App 801, 802, 473 P3d 103 (2020).

Petitioner and respondent were romantically involved for a brief period of time, and petitioner moved into respondent's house for about a month. The relationship did not work out and, shortly before petitioner moved out, respondent put his hands around petitioner's neck, choking her and causing her to experience ongoing pain in her neck. Based on that incident, and other allegations, petitioner sought a FAPA order *ex parte*, which the trial court entered. Respondent requested a hearing to contest the order.

Approximately one month after the entry of the original FAPA order, the trial court held a hearing to decide whether to continue the order. By that time, petitioner was no longer living in respondent's house, having moved out shortly after obtaining the FAPA order. At the hearing, petitioner testified that, while they were living together, respondent had essentially forced her to have sex with him "[b]y threat of force and intimidating with guns," although she acknowledged that respondent had never directly threatened her with a weapon. She also testified to an incident in which she believed petitioner had taken her car keys from her to prevent her from leaving. And she testified about the choking incident. She explained that she wanted the order

to be continued because her father was a vulnerable person, because she was a nurse who worked with vulnerable people, and because she was scared to have respondent around her. Petitioner did not testify that respondent had contacted her since she moved out of the house.

Respondent denied most of petitioner's allegations. He testified that he had just wanted her to leave the house and had not made contact with her since she was gone. Respondent also called his roommate as a witness, and the roommate testified that he never heard or saw respondent being abusive to petitioner.

At the close of the hearing, the trial court continued the order. The court stated that it was not able to find that respondent forced petitioner to engage in sexual activity, as petitioner alleged. It did find, however, that respondent had choked petitioner, and that the choking caused petitioner physical injury. Based on that, the court ruled that it was "going to maintain the restraining order in place." Respondent appealed.

On appeal, respondent argues that there is insufficient evidence to support the continuation of the order. In particular, respondent argues that there is insufficient evidence to support a finding that there was an imminent danger of future further abuse, or a credible threat to petitioner's safety, as the court was required to find to continue the order. ORS 107.718; *Hess*, 305 Or App at 805. We agree that the evidence, when viewed in accordance with the trial court's findings—including the court's finding rejecting petitioner's claim that respondent had forced her to engage in sexual activity—is insufficient to support a finding of imminent danger of future abuse and reverse for that reason.

"For the imminent-danger requirement to be met, the trial court had to make a finding—supported by evidence—that respondent is reasonably likely to abuse petitioner in the near future." *Hess*, 305 Or App at 806 (internal quotation marks omitted). As we recently observed in *Hess*, although it is possible that a single incident could support a FAPA order, "we have yet to affirm the continuance of a FAPA restraining order based on a single incident." *Id.* at 807. There, we reversed an order continuing a

FAPA restraining order that—like the order at issue here—had been based on a single, similar incident of abuse. In *Hess*, the incident involved the respondent pushing the petitioner such that she fell to the ground and hit her head on a concrete driveway. *Id*. at 803. We concluded that there was insufficient evidence to support a finding that there was an imminent danger of further abuse. *Id*. at 809-10. We noted that "there is no evidence that respondent had ever previously physically assaulted or injured petitioner, that he has ever threatened to physically injure petitioner, or that he has ever used force or threat of force against petitioner to engage in involuntary sexual relations." *Id*. at 809. We also noted that the parties were no longer living together, something that also undercut the inference that there was an imminent danger of future abuse. *Id*. at 811.

For similar reasons, we conclude that the record in this case, viewed consistently with the trial court's factual determinations, is insufficient to support the required finding that petitioner was in imminent danger of future further abuse at the time of the hearing. The FAPA order at issue was predicated on a single act of abuse. Although petitioner testified to additional abuse—being forced to engage in sexual relations with petitioner—the trial court explicitly ruled that it was not able to find that that alleged abuse had occurred. Beyond that, petitioner did not testify that respondent had threatened harm on other occasions. As in *Hess*, the parties' living arrangement had changed, and they were no longer in the same household. Moreover, neither party testified to facts that would support an inference that the relationship would be ongoing. The parties' relationship had been short, and there was no indication that either wished to prolong it rather than escape from it.

Considering the "totality of the circumstances," as we must in assessing the sufficiency of the evidence to support an imminent-danger finding, the record is not sufficient to support the trial court's finding that respondent presented an imminent danger of further abuse to petitioner at the time that the court continued the FAPA order. Much as was the case in *Hess*, the single act of abuse that the trial court found had occurred—the choking incident—"constitutes a predicate act of abuse for a FAPA restraining

order, but it is not enough on its own to support a finding of imminent danger of further abuse to petitioner." *Id.* at 812-13. And no other evidence, viewed consistently with the court's factual determinations, allows for that finding.

Reversed.